Brinkerhoee, C.J.
One or more, both of the plaintiffs and defendants, were witnesses on the trial of the ease; and their testimony is conflicting as to whether the notes sued on were required by the plaintiffs to be given as a condition to the acceptance by them of the composition agreement, and of the notes given to them in pursuance thereof, or whether, subsequent to the making of the composition agreement, and after the acceptance by the plaintiffs of the notes made in pursuance thereof, these notes were voluntarily given by the defendants, on their own suggestion, for the fifty per cent, of the original indebtedness, which, by the provisions of the composition agreement, was to be released on the payment of the composition notes.
But, for the purposes of this case, we will assume that all the facts claimed by the plaintiffs on this point are true; and that the notes sued on were voluntarily given by the defendants, on their own suggestion, after the full execution of the composition agreement, except the payment of the notes given in pursuance of its provisions, and without any prior understanding or agreement between the parties that such further notes should be given.
Upon this assumption then, together with such further facta as stand admitted upon the face of the pleadings, what is the ca.«" ?
*397 The defendants, being in embarrassed, circumstances, and largely indebted to plaintiffs and other creditors, a composition agreement is entered into between the defendants and the plaintiffs and other creditors, by the terms of which the defendants are to pa.y fifteen hundred dollars in hand to be distributed pro rata among all. their creditors, and, within sixty days thereafter, to give their notes, payable in six,, twelve, eighteen, and twenty-four months, for the balance of the first fifty per cent, of their entire original indebtedness; and, upon the payment of such notes, the remaining fifty per cent, of the original indebtedness was to be released. Within the sixty days, the fifteen hundred dollars were paid and the notes given; and, on the same day when these composition notes were given, but afterward, the defendants, on their own motion, voluntarily gave to the plaintiffs the ,notes now sued on, for the remaining fifty per cent, of their original indebtedness to the plaintiffs, payable respectively in thirty days, sixty days, and four months — all of which would, by their terms, become due before any of the composition notes would become due and payable by their terms. And prior to the commencement of this suit, the composition notes were paid as they became due.
It is now insisted in behalf of the defendants that the notes last given and now sued on are without consideration and void; and the courts below have so held.
On behalf of the plaintiffs, however, it is contended that evidence of want of consideration was inadmissible under the defendants’ answer; inasmuch as that relies, not on a want of consideration, but on a verbal and. collateral condition of defeasance, as a defense. But, in the view we take of the case, this question as to the admissibility of evidence under the answer, is of no consequence. For we take the case as pre,sented on the face of the- pleadings, in connection with the plaintiffs’ own testimony, introduced by themselves, and on the assumption that it is trué. And if upon the whole record, thus construed most favorably to the plaintiffs, it appear that there was no consideration for the notes sued on, and *398 that the judgments of the courts below were right, no technical error in the proceedings below will avail to disturb the judgment.
The binding force and validity of a composition agreement made in good faith between an embarrassed debtor and his creditors, and fully carried into execution, can not, at this day, be questioned. Notes to Cumber v. Wane, 1 Smith’s L; C. 443-4.
But it is contended on the part of the plaintiffs, that although the fifty per cent, of the original indebtedness remaining after the payment of the composition notes, was, by the terms of the composition agreement, potentially released, still there was a moral obligation resting on the defendants to pay it; and that this moral obligation to pay, resting on the basis of a former legal obligation to pay, constitutes a good consideration in law to sustain these notes. How this might be, in case these notes had all been made payable at a day subsequent to the time when the last of the composition notes would become due and payable, or in case these notes had been given after all the composition notes to all the creditors had been paid, it is not necessary for us now to decide ; but, upon the state of fact which this case presents as existing at the time these notes were given, it seems clear to us that no such moral obligation rested on the defendants.By the provisions and spirit of the composition agreement, all the assets of the defendants were primarily devoted to the payment of the composition notes as they fell due; and good faith toward all the other creditors who were parties to the composition agreement, prohibited the defendants from diverting their resources to any other object, and forbade the plaintiffs to accept any such diversion. These notes were all drawn so as to become due before any of the composition notes would become due. They could not be paid when due except from the funds which had already been set apart for the benefit of all the creditors alike; and so far from there being a moral obligation resting upon the defendants to divert *399 a portion of their assets to the payment of the old and potentially released indebtedness to the plaintiffs, morality and good faith required them to refrain from doing so. We are of opinion, therefore, that the notes sued on in this case were, when given, without any legal consideration ; and the record discloses nothing to relieve them from this original infirmity.
Judgment affirmed.
Scott, Day, White, and Welch, JJ., concurred.